UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ANDREW BURTON BAKER,

          Petitioner,           Case No. 2:10-cv-345

v.                                             Honorable R. Allan Edgar

JEFFREY WOODS,

          Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner presently is incarcerated at the Kinross Correctional Facility. Following a jury trial, Petitioner was convicted in Marquette County Circuit Court on May 8, 1986 of two counts of first-degree criminal sexual conduct (CSC), two counts of kidnaping and one count of possession of a firearm during the commission of a felony (felony firearm). Petitioner was sentenced to life imprisonment for the first count of first-degree CSC, forty to sixty years' imprisonment for the second count of first-degree CSC, life imprisonment for the first count of kidnaping, forty to sixty years' imprisonment for the second count of kidnaping and two years' imprisonment for the felony-firearm conviction. (Attach. to Pet., Page ID #100, docket #1-1.) Petitioner appealed his convictions to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals affirmed Petitioner's convictions on March 16, 1988. The Michigan Supreme Court denied Petitioner's application for leave to appeal on November 3, 1988.[1] (*See id.*)

On October 16, 1989, Petitioner filed an application for habeas corpus relief in federal court. *See Baker v. State of Michigan,* No. 2:89-cv-320 (W.D. Mich.) The court dismissed Petitioner's application without prejudice because Petitioner had failed to exhaust his available state-court remedies. *Id.*, Jan. 11, 1990 Op. & Order, docket #8.

Petitioner then filed three motions for relief from judgment. On May 1, 1991, Petitioner filed his first motion for relief from judgment with the Marquette County Circuit Court. The court denied Petitioner's motion on the same day. On August 15, 1994, Petitioner filed a second motion for relief from judgment, which was denied by the court on August 23, 1994. On October 21,

---

[1] When comparing information in Petitioner's application to the January 13, 2004 Marquette County Circuit Court's opinion denying Petitioner's third motion for relief from judgment, this Court found differences in the dates of the appellate court's decisions and the filing and decision dates for Petitioner's first and second motions for relief from judgments. (Pet., Page ID ##2, 3, docket #1; Attach. to Pet., Page ID #100, docket #1-1.) For purposes of this report and recommendation, this Court will use the dates from the Marquette County Circuit Court's opinion denying Petitioner's third motion for relief from judgment. (Attach. to Pet., Page ID #100, docket #1-1.)

2003, Petitioner filed his third motion for relief from judgment. The court denied Petitioner's motion on January 13, 2004. (Attach. to Pet., Page ID #100, docket #1-1.) Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court only for the denial of his third motion for relief from judgment. The appellate courts denied Petitioner's applications on July 3, 2008 and June 17, 2010, respectively.

In his application for habeas corpus relief, Petitioner raises the following four grounds for habeas corpus relief (verbatim):

> I. THE CIRCUIT COURT IS REFUSING TO LET ME DENOUNCE THE DEFENCE OF DIMENISH CAPACITY "AFTER" 1ST APPEALS.
>
> II. THAT IN THE DESTRUCTION OF EVIDENCE, IT PROVIDED A HOSTILE WITNESS A FASHIONABLE DEFENSE IN ELUDING R-L QUESTIONING THE JURYS ABILITY IN KNOWING THE LAW OR IS IT A TEST OF LAW.
>
> III. THE TRIAL COURT FAILED TO IDENTIFY THE DIRECTION AND BEING WHERE MOES TESTIMONY WAS GOING BEFORE QUESTIONING HER.
>
> IV. THAT THE COURT REPORTER FAILED TO FILE TRUE & CORRECT TRANSCRIPTS WHERE PORTIONS ARE ERASED.

(Pet., Page ID ##6, 7, 9, 10, docket #1.)

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's habeas application and motion for relief from judgment, Petitioner appealed his convictions to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on November 3, 1988. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.

*See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on February 1, 1989.

Petitioner's conviction became final before the enactment of the AEDPA. Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that there is a one-year grace period from enactment of the statute on April 24, 1996. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). The grace period ended on April 24, 1997. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). Petitioner's application for habeas corpus relief was filed on December 13, 2010. Absent tolling, Petitioner's statute of limitations expired approximately thirteen years ago.

As previously noted, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

In the instant case, Petitioner filed two motions for relief from judgment before the AEDPA became effective on April 24, 1996 so those motions do not toll the statute of limitations. Although Petitioner's third motion for relief from judgment was filed after the enactment of the AEDPA, it was filed on October 21, 2003, six years after his statute of limitations had expired. While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton*, 256 F.3d at 408. Once the limitations period is expired, collateral petitions can no longer

serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003)  Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490).  Because Petitioner's one-year period expired in 1997, his collateral motion filed in 2003 does not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin*

*v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: January 11, 2011

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).